{¶ 62} In its discussion of Appellants' first assignment of error, the majority addresses Appellants' arguments "as if they had objected in the trial court," since the magistrate did not issue requested findings of fact and conclusions of law. This treatment of Appellants' arguments is wrong. Appellants' request was untimely, so the magistrate was under no obligation to comply with that request. Accordingly, Appellants waived the arguments they raise in their first assignment of error and we should not treat them as if they did not.
 {¶ 63} Civ.R. 53(E)(2) allows a party to request that a magistrate issue findings of fact and conclusions of law, but requires that such a request be made in accordance with Civ.R. 52.
 {¶ 64} "If any party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. If the request under Civ.R. 52 is made after the magistrate's decision is filed, the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision." Civ.R. 53(E)(2).
 {¶ 65} Civ.R. 52 requires that a request for findings of fact and conclusions of law be made either "before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later." A trial court has a mandatory duty to issue findings of fact and conclusions of law when the request is timely, but is under no obligation to do so when the request is untimely. State ex rel.Papp v. James, 69 Ohio St.3d 373, 377, 1994-Ohio-0086.
 {¶ 66} In this case, the magistrate entered the last decision in this case on July 18, 2005, and the parties were notified of this decision on August 2, 2005. Appellants did not request that the magistrate issue findings of fact and conclusions of law until August 16, 2005, two weeks after they were notified of the magistrate's decision. Thus, Appellants' request for findings of fact and conclusions of law are untimely.
 {¶ 67} Appellants should not be excused from their failure to timely file objections to the magistrate's decision merely because they filed an untimely request for findings of fact and conclusions of law. We commit error when we treat Appellants' arguments in their first assignment of error as anything but waived.
 {¶ 68} In the end, the majority finds Appellants' arguments meritless, so my disagreement with its rationale does not prevent me from concurring in its ultimate judgment affirming the trial court's decision.